UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DATATERN, INC.,

      Plaintiff,

      v.

MICROSTRATEGY INC., CARL WARREN AND
COMPANY INCORPORATED, LANCET
SOFTWARE DEVELOPMENT, INC., AIRLINES
REPORTING CORP., MAGIC SOFTWARE
ENTERPRISES LTD., MAGIC SOFTWARE
ENTERPRISES, INC., TERADATA
CORPORATION, INFORMATICA
CORPORATION, EPICOR SOFTWARE
CORPORATION, and PREMIER, INC.

      Defendants.

Civil Action No. 11-12220-RGS
(Consolidated)

## EMERGENCY REQUEST FOR CLARIFICATION

Plaintiff DataTern, Inc., respectfully requests clarification that it is not required to submit amended infringement contentions against the non-MicroStrategy defendants in light of the Court's Electronic Order dated July 17, 2012, staying this case as to those defendants.  In further support of this request, DataTern states as follows:

1.      In November and December, 2011, DataTern filed nine separate actions against each of the defendants in this case.[1]  Those actions were subsequently consolidated into the instant action pursuant to the Court's Consolidation Order dated February 24, 2012 (Docket # 14).

---

[1]      Only one action was commenced against Magic Software Enterprises Ltd. and Magic Software Enterprises, Inc., as they are related entities.

ME1 13811929v.1

2.      On May 10, 2012, several non-MicroStrategy defendants filed a Cross-Motion for Partial Summary Judgment and Dismissal with Prejudice, and To Stay as to All Defendants Other Than MicroStrategy (Docket # 44).

3.      Subsequently, on May 25, 2012, MicroStrategy filed a Motion to Compel Infringement Contentions (Docket #51).

4.      On July 2, 2012, the Court issued an Electronic Order granting in part and denying in part MicroStrategy's Motion to Compel.  Under the Court's Order, "Datatern is hereby ordered to provide amended infringement contentions by July 20, 2012….  Defendants will have until August 10, 2012 to provide noninfringement and invalidity contentions…." *Id.*

5.      Because the Motion to Compel was only brought by MicroStrategy, it was not clear to DataTern whether the Court also intended for DataTern to provide amended infringement contentions as to the non-MicroStrategy defendants incorporating MicroStrategy products.

6.      On July 5, 2012, the Court issued an Electronic Order granting in part and denying in part the  non-MicroStrategy defendants' Motion for Partial Summary Judgment.  That Order states, "The customer-defendants' motion for summary judgment is denied….  Regarding the customer-defendants' motion to stay, the court will not entertain inefficient and duplicative multiple proceedings, and will stay the cases against the customer-defendants if and only if every customer-defendant agrees to be bound by the adjudication as to liability as to Microstrategy. The customer-defendants have until July 16, 2012 to notify to the court if they all agree to be thus bound."

ME1 13811929v.1

7.     On July 16, 2012, the non-MicroStrategy defendants filed a notice with the Court indicating their agreement to be bound by a final adjudication of liability against MicroStrategy (Docket # 70).

8.     Based on the above Notice, on July 17, 2012, the Court stayed this case as to the non-MicroStrategy defendants. [2]  *See* July 17, 2012 Electronic Order ("In light of Non-MicroStrategy Defendants' Notice, the case is stayed as against defendants Epicor, Carl Warren, Lancet, Airline Reporting, Teradata, Magic Software, and Premier.").

Given that this case has been stayed as to the non-MicroStrategy defendants, it appears that all deadlines that may apply to those defendants have likewise been stayed, including, to the extent applicable, the July 20, 2012, deadline for DataTern to file amended infringement contentions (as well as the deadline of August 10, 2012, for those defendants to provide noninfringement and invalidity contentions).  In the abundance of caution, however, DataTern respectfully requests clarification from the Court on this matter so that DataTern does not inadvertently miss any Court-imposed deadlines.

Respectfully submitted,

**DATATERN, INC.**

By its attorneys,

/s/  David Himelfarb
William A. Zucker (BBO# 541240)
Lee C. Bromberg (BBO# 058480)
Erik Paul Belt (BBO# 558620)
Daniel J. Kelly (BBO # 553926)
David Himelfarb (BBO # 649596)
Kara A. Lynch (BBO # 659920)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110

---

[2]     Informatica Corporation did not oppose or take any position on the stay, representing to the Court that it expects to be dismissed from the case in the near future.

Tel: (617) 449-6500
Fax: (617) 607-9200
Email: wzucker@mccarter.com
Email: lbromberg@mccarter.com
Email: ebelt@mccarter.com
Email: dkelly@mccarter.com
Email: dhimelfarb@mccarter.com
Email: klynch@mccarter.com

Of Counsel:

Scott J. Nathan (BBO# 547278)
200 Homer Avenue
Ashland, MA 01721
Tel: (508) 881-0060
Email: sjnathan@mindspring.com

Dated: July 18, 2012

## CERTIFICATE OF SERVICE

I, David Himelfarb, hereby certify that on July 18, 2012, I filed this document through

the Court's ECF filing system, which sends notice of this filing to all registered participants.

/s/ David Himelfarb
David Himelfarb

ME1 13811929v.1