# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DATATERN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action Nos. |
| MICROSTRATEGY, INC.; EPICOR ) | 11-11970-FDS |
| SOFTWARE CORPORATION; CARL ) | 11-12220-FDS |
| WARREN & CO., INC.; LANCET ) | |
| SOFTWARE DEVELOPMENT, INC.; ) | |
| TERADATA CORPORATION; ) | |
| PREMIER, INC.; and AIRLINES ) | |
| REPORTING CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' APPLICATIONS FOR ATTORNEYS' FEES

SAYLOR, J.

### I. Background

On June 5, 2018, the Court granted in part and denied in part defendants' motions to recover attorneys' fees pursuant to 35 U.S.C. § 285. The Court instructed "[e]ach party seeking an award of fees" to file "an application for fees, with affidavits and a detailed breakdown of time and costs, within 21 days" of the order. (June 5, 2018 order at 39).

On June 26, 2018, each of the six defendants filed an application for fees. DataTern filed a consolidated objection to defendants' applications. Each defendant's application and DataTern's relevant objections to that application will be considered in turn.

II.     **Attorneys' Fees**

    A.     **MicroStrategy, Inc.**

The Court's June 5 order provided that defendant MicroStrategy, Inc. was to be awarded two categories of fees: (1) "fees reasonably related to plaintiff's judge-shopping activities – generally, fees incurred prior to these cases being consolidated and stayed against the customers," which occurred on July 17, 2012; and (2) "fees reasonably incurred after the Court's claim-construction decision," which occurred on February 7, 2017. (*Id.* at 37).

MicroStrategy's application requests fees and costs of $591,032.71 for the first category and $431,212.92 for the second. MicroStrategy also requests $157,505 for the work its attorneys performed in seeking attorneys' fees. In total, MicroStrategy requests $1,179,750.63.

DataTern contends that MicroStrategy's fee application should be rejected in its entirety for two principal reasons: (1) because it fails to establish a nexus between the fees listed in its application and the limits described in the Court's June 5 order, and (2) because its request is excessive.

        1.     **Fees Reasonably Related to Judge-Shopping Activities**

As to its first contention, DataTern is correct that MicroStrategy must establish a reasonable "nexus" between the requested fees and the limits described by the Court's June 5 order. A fee award must "'bear some relation to the extent of the misconduct.'" *Integrated Technology Corp. v. Rudolph Technologies, Inc.*, 629 F. App'x 972, 977 (Fed. Cir. 2015) (quoting *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001)). As the Court noted in its June 5 order, as a general matter, only fees incurred prior to July 17, 2012, could be considered reasonably related to DataTern's judge-shopping activities.

It is true that MicroStrategy has only requested fees from the appropriate time period.

Nonetheless, the fees incurred must be reasonably related to the judge-shopping activities that the order identified. MicroStrategy and its customers undoubtedly would have incurred substantial fees due to the filing of the litigation regardless of the efforts to consolidate the cases in front of a single judge that DataTern apparently believed would be desirable. A fee award is only appropriate to compensate defendants for the "*extra* legal effort to counteract the[] misconduct"; it is not intended to give them a windfall. *Highmark, Inc. v. Allcare Health Mgmt. Sys.*, 687 F.3d 1300, 1316 (Fed. Cir. 2012), *vacated on other grounds*, 572 U.S. 559 (2014).

MicroStrategy has submitted an application that appears to exclude only a single category of attorneys' fees—fees incurred in investigating potential counterclaims against DataTern. Otherwise it has simply requested all fees it incurred prior to July 17, 2012, without attempting to show any connection, of any kind, between the fees incurred and the misconduct.

The Court has reviewed the time entries submitted by MicroStrategy and is unable to ascertain whether any specific entries relate to or arise out of the judge-shopping activities. It is certainly likely that MicroStrategy incurred some additional fees related to those activities, although the order of magnitude is probably closer to $5,900, or perhaps $59,000, than $590,000. In any event, it is not the role of the Court to cull through the time entries, ascertain which relate to the improper conduct, and determine a reasonable amount. Because it cannot make a reasonable fee determination based on the evidence provided, no fees will be awarded to MicroStrategy arising out of the judge-shopping activities of DataTern.

2. **Fees Reasonably Incurred after Claim-Construction Opinion**

In substance, the Court's June 5 order concluded that DataTern's claims became unreasonable at some point after the Court's claim construction order on February 7, 2017. The boundary line between reasonable and unreasonable persistence in a litigating position is hazy

3

under the best of circumstances; nevertheless, such a line exists, and DataTern crossed it here, for the reasons outlined in the June 5 order.

MicroStrategy has claimed attorneys' fees for every single time entry on or after February 7, 2017. For the Court to find that DataTern's litigating position became unreasonable immediately on February 7 would require, in effect, that the company dismiss its claims the moment the decision is rendered—presumably, without even consultation between the attorneys and the client, and without any consideration of possible alternatives. That is, of course, an extreme and unrealistic scenario.

Again, however, MicroStrategy has made no effort to distinguish between fees incurred because of an unreasonable prolongation of the litigation and fees that would have been incurred even if DataTern acted entirely reasonably. Under the circumstances, and without assistance from MicroStrategy, the Court concludes (perhaps generously) that DataTern's position became unreasonable no later than six weeks after the February 7 claim-construction decision—that is, by March 21, 2017. By that point, DataTern had ample time to review the claim-construction decision, consult with its client, and evaluate its position going forward. The Court accordingly will not award fees incurred on March 20 and earlier.

DataTern further contends that the fees requested in MicroStrategy's application are excessive because the attorneys' work was "duplicative" and therefore "non-productive." (Consolidated Objections at 9). It is true that at times, multiple attorneys for MicroStrategy worked on the same tasks; in a complex case such as this, however, such a fact is unremarkable. It is likewise unremarkable that attorneys conferred with one another, which is a necessary occurrence in any case involving any degree of complexity and more than one attorney. Nonetheless, a review of the time entries reveals a number of instances of what appear to be

unnecessary duplication or inefficiency. For example, on June 5, 2017, at least four attorneys spent almost nine hours "finaliz[ing]" and "fil[ing]" a motion to compel adequate infringement contentions, at a cost of $5,021.72. (Declaration of Kenton W. Freeman, Jr., Docket No. 325, Ex. 2 at 10). Without engaging in a line-by-line analysis, the Court will reduce the award by 10% to better reflect the true value of the work performed. The amount awarded will thus consist of fees incurred on or after March 21, 2017 ($344,695.35), reduced by 10% ($34,469.54), for a total of $310,225.81.

### 3. Fees Incurred Seeking Attorneys' Fees

DataTern also objects to fees requested for the work performed in producing MicroStrategy's motion for attorneys' fees (so-called "fees on fees") and contends that the requested fees should be reduced by 60%. Essentially, DataTern contends that because MicroStrategy's motion under § 285 sought fees on five grounds, and the Court granted relief on only two of those grounds, MicroStrategy should not be reimbursed for the work its attorneys performed on the three unsuccessful arguments.

The Court agrees that an award should not be include fees incurred for unsuccessful arguments. According to the documentation submitted as part of MicroStrategy's fee application, a total of five of MicroStrategy's attorneys billed approximately 272 hours and $157,505 for the entirety of the firm's work seeking attorneys' fees. (Declaration of Kenton W. Freeman, Jr., Docket No. 325, Ex. 2 at 12-17). Without any basis for determining what time was chargeable to which of the five claims, the Court will begin by eliminating three-fifths of the claimed total, or $94,503.

Furthermore, the amounts claimed appear to be unreasonable and excessive, as the fee application was a relatively straightforward issue and MicroStrategy spent virtually no time

sorting or analyzing its fees as to the categories in question. Indeed, the Court is at a loss to understand how 272 hours could have been expended, particularly where no entry-by-entry analysis was conducted. Under the circumstances, the Court has reached what it deems an appropriate award by multiplying the average 2017 billing rate of the four attorneys who performed fees-related work ($679) by a more reasonable amount of 10 hours, which results in a total award of $6,790 for "fees on fees."

In sum, the Court will award MicroStrategy a total of $317,015.81 in attorney's fees.

### B. MicroStrategy, Inc.'s Customers

The Court's June 5 order provides that MicroStrategy's customers are to be awarded fees only "to the extent they arise out of [DataTern's] judge-shopping activities." (June 5, 2018 order at 37). The Court will consider the application of each of MicroStrategy's customers in turn.

#### 1. Epicor Software Corporation

Epicor seeks a total of $111,584.75 in fees and costs. (Epicor's Fee Application, Docket No. 281).

DataTern contends that the fees requested by Epicor lack a nexus to the judge-shopping activities. Although Epicor has submitted what it terms "breakdowns" of the fees it seeks, like MicroStrategy, it has made no attempt to show any connection between the fees and the misconduct DataTern committed. The Court is thus unable to determine which of the fees relate to or arise out of Epicor's judge-shopping activities. Accordingly, no fees will be awarded to Epicor concerning the judge-shopping activities of DataTern.

Epicor also seeks fees for the work performed in producing its motion for attorneys' fees. DataTern contends that the requested fees should be reduced by 80 percent.

As DataTern points out, Epicor's § 285 motion explicitly "incorporate[ed]" the "reasons

given in MicroStrategy's" § 285 motion. (Consolidated Objections at 20). The Court's analysis concerning fees for unsuccessful arguments is thus the same for Epicor as it is for MicroStrategy; however, because the Court's June 5 order granted relief to Epicor on only one, and not two, of the five grounds it claimed, four (as opposed to three) of Epicor's five arguments were unsuccessful. The amount sought by Epicor for "fees on fees" will thus be reduced by 80 percent, leaving a remainder of $3,109.90. And despite the fact Epicor did not present adequate evidence to make an actual award, it was nonetheless a prevailing party on the motion for fees, and the Court will award that amount.

### 2. Lancet Software Development, Inc.

Lancet Software Development, Inc. seeks a total of $12,997.50 in fees and costs. (Lancet's Fee Application, Docket No. 304).

Again, DataTern contends that the fees submitted by Lancet lack any nexus to the judge-shopping misconduct. Like the other defendants, Lancet has made no attempt to show any connection between its fees and the relevant misconduct, and the Court will therefore award no fees arising out of that misconduct. Lancet does not seek any other fees, including any fees for filing a § 285 motion.

### 3. Airlines Reporting Corporation (ARC)

Airlines Reporting Corporation (ARC) seeks a total of $161,924.33 in fees and costs. (ARC's Fee Application, Case No. 11-12220, Docket No. 161).

ARC likewise has made no attempt to show a nexus between its fees and DataTern's misconduct, and instead simply seeks reimbursement for the entirety of its attorneys' work performed before July 17, 2012 (save for one minor exception). The Court will therefore award no fees to ARC related to that misconduct.

A total of $25,685.80 of ARC's claimed award is designated for work related to recovering attorneys' fees. Like Epicor, ARC's § 285 motion basically adopts the arguments made by MicroStrategy in its § 285 motion. Accordingly, ARC's attorneys' fees will also be reduced by 80 percent.

Furthermore, the amount ARC seeks as "fees on fees" is unreasonable and excessive. For example, ARC seeks reimbursement for nearly 40 hours of fees-related work. (*Id.*). And ARC has not provided the hourly billing rate of some of the attorneys who performed the fees-related work. Left with relatively little information, the Court concludes that ARC will be awarded a total of $3,100, which appears reasonable and is consistent with the amount awarded to Epicor.

### 4. Carl Warren & Company, Inc.

Defendant Carl Warren & Company, Inc. requests $25,693.11 in fees and costs. (Carl Warren's Fee Application, Case No. 11-12220, Docket No. 155).

Warren has only filed a redacted version of the relevant invoices. The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). By only filing a redacted version, Warren has not provided the Court with sufficient evidence from which to make a decision, and therefore Warren has failed to meet its burden. The Court accordingly will award no fees to Carl Warren & Company.

### 5. Teradata Corporation

Defendant Teradata Corporation requests $42,302 in fees and costs. (Affidavit of Craig R. Smith, Docket No. 305).

Like the other defendants, Teradata has failed to show how its requested fees arise from DataTern's judge-shopping activities. For the same reasons as for the other defendants, the

Court will award Teradata no fees regarding DataTern's misconduct.

Teradata also seeks $12,340 in fees incurred after the claim-construction order of February 7, 2017. Of those charges, $7,660 appear to concern the application for fees; $1,020 was incurred between February 7 and March 20; and the remaining $3,660 (which appears to have involved monitoring the litigation) was incurred between March 20 and October 25, 2017.

Teradata, like the other defendants, will not be awarded fees incurred between February 7 and March 20; the Court will, however, award Teradata the $3,660 it seeks for fees incurred between March 20 and October 25, 2017.

Teradata's fee motion also explicitly adopts the arguments made by MicroStrategy in its motion. Accordingly, like ARC, the $7,660 Teradata seeks for its "fees on fees" will be reduced by 80%, or $6,128, to account for its "unsuccessful" arguments, and that portion of the award will thus be $1,532.

Accordingly, the Court will award Teradata $5,192.

### 6. Premier, Inc.

Defendant Premier, Inc. requests $69,572.25 in fees and costs. (Premier's Fee Application, Case No. 11-12220, Docket No. 159).

Premier's request will be denied in its entirety for the same reason as the other defendants' applications. Although it contends that it "does not seek to recover . . . fees for tasks that . . . do not appear reasonably recoverable under the Court's Order," Premier has failed to show any reasonable connection between the fees it requests and DataTern's judge-shopping activities. (Declaration of Sarah C. Columbia, Case No. 11-12220, Docket No. 160 at 3). And it does not seek any "fees on fees."

Accordingly, Premier will be awarded no fees.

### III. Conclusion

For the foregoing reasons, the applications for attorney's fees of defendants MicroStrategy, Inc.; Epicor Software Corporation; Lancet Software Development, Inc.; Airlines Reporting Corporation; Carl Warren & Company, Inc.; Teradata Corporation; and Premier, Inc., are GRANTED in part AND DENIED in part. DataTern shall pay the following amounts to the following defendants as reasonable attorney's fees under 35 U.S.C. § 285:

1. MicroStrategy, Inc.: $317,013.31
2. Epicor Software Corporation: $3,109.90
3. Lancet Software Development, Inc.: $0
4. Airlines Reporting Corporation: $3,000
5. Carl Warren & Company, Inc.: $0
6. Teradata Corporation: $5,192
7. Premier, Inc.: $0

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: December 3, 2018